{¶ 12} I agree with the majority that, in civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process; thereby challenging the legitimacy of the underlying judicial process itself.
 {¶ 13} However, I do not agree that State v. Gowdy (2000),88 Ohio St.3d 387, is distinguishable. In Gowdy, the Ohio Supreme Court held that such exceptional circumstances existed on facts very similar to those presented in the case at bar. Because I believe that Gowdy requires us to vacate the sexual predator determination, I respectfully dissent.
 {¶ 14} I agree with the conclusion of the majority that the trial court did not make the findings and pronouncements required by the applicable sentencing statutes to impose a prison term greater than the minimum sentence for a second-degree felony, and to impose consecutive sentences. Therefore, I concur with that portion of the majority decision which remands this case for resentencing.